### 8546. NEELY *v.* THE STATE.

GEORGE, J. 1. "If any person shall vend or expose to sale anything whatever, within one mile of the place of worship in a camp-ground and during the period of divine worship thereat, without the written consent of a majority of the trustees, commissioners, or owners of such camp-ground, he shall be guilty of a misdemeanor." Penal Code (1910), § 423.

2. In a prosecution under the foregoing section of the code the State is not required to show that the sale of the articles described in the accusation was made "in the camp-ground;" the language of the section, "in the camp-ground," refers to the place of worship, and not to the place where the articles are sold or exposed to sale. The statute is to be given a reasonable construction, and does not apply to a sale made in the course of an established business carried on within one mile of the place of worship in a camp-ground. The legislature did not, by this act, intend to interfere with a legitimate and established business, although carried on within one mile of the place of worship in a camp-ground thereafter laid out, but did intend that the people lawfully assembled at a camp-ground for divine worship, and during the period of such worship, should not be interrupted by every passing vendor attracted thereto by his desire for gain.

3. The court correctly charged the law, and the verdict of guilty was demanded by the evidence and the statement of the accused.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
DECIDED MAY 11, 1917.

Accusation of misdemeanor; from city court of Carrollton— Judge Beall. February 1, 1917.

*J. O. Newell,* for plaintiff in error.

*Willis Smith, solicitor, Buford Boykin,* contra.